UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:21-CV-22445-MOORE/LOUIS

DONALD J. TRUMP, the Forty- Fifth
President of the United States,
KELLY VICTORY, AUSTEN FLETCHER,
AMERICAN CONSERVATIVE UNION,
ANDREW BAGGIANI, MARYSE VERONICA
JEAN-LOUS, NAOMI WOLF, AND
FRANK VALENTINE, INDIVIDUALLY AND
ON BEHALF OF THOSE SIMILARLY
SITUATED,

    Plaintiff and the Class,
vs.

YOUTUBE, LLC., and SUNDAR PICHAI,

    Defendants.
_____/

## PLAINTIFF'S AMENDED MOTION TO EXCEED PAGE LIMITATIONS

Plaintiff, Donald J. Trump ("Plaintiff"), hereby moves for an Order permitting Plaintiff to file a Motion for a Preliminary Injunction and Memorandum in Support ("Motion") that exceeds the page limitation set by Local Rule 7.1(c), specifically, to file a motion of approximately seventy-five (75) pages in length, excluding portions excepted by S.D. Fla. L. R. 7.1(c).

### M EMORANDUM OF POINTS AND AUTHORITIES

In support of this Motion to exceed the twenty-page limitation set by Local Rule 7.1(c), Plaintiff states as follows: Local Rule 7.1(c) prohibits him from filing motions and incorporated memoranda of law that exceeds twenty pages without prior permission of the Court. In connection with his four-count Complaint, Plaintiff will be moving for a Preliminary Injunction against the above-named Defendants

who operate a massive social media company that violates the First Amendment and is designed to use unfair trade practices based on Defendants' misleading representations that treats consumers differently, using differing standards to censor them.

These deceptive representations have likely injured hundreds of thousands of consumers across the country. The Defendant's ongoing practices violate the First Amendment to the U.S. Constitution,and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.*, which prohibits deceptive and unfair practices in or affecting commerce. ln light of the number of parties involved, and the voluminous evidence illustrating Defendant's illegal activity, Plaintiff requires more than twenty pages to set forth adequately the legal and factual basis for the requested relief, and to demonstrate that this case requires a Preliminary Injunction enjoining Defendants, allowing Plaintiff to demonstrate that he has satisfied the burden of proof necessary.

In addition to an ordinary case where twenty pages is more than adequate for the evaluation of a Motion for Preliminary Injunction, this case requires:

(1) the showing of multiple facts within the Memorandum of Law that prove Plaintiff's claims, well beyond those within the accompanying Declarations;

(2) the existence of multiple constitutional issues that have not been litigated in any court in the Southern District of Florida; and

(3) the existence of several factual and legal issues that have not been litigated under the new Florida social media statute, SB7072, which went into effect on July 1, 2021, both under the Florida Unfair and Deceptive Trade Practices Act and the United States Constitution.

Plaintiff expects the final filed copy of the motion to be approximately seventy-five (75) pages in length, excluding the pages excepted by S.D. Fla. L. R. 7.1(c).

WHEREFORE, for the reasons stated above, the Plaintiff respectfully requests that this

Honorable Court permit Plaintiff to file his Motion in excess of twenty pages, and, more specifically, to file a motion of approximately seventy-five (75) pages in length, excluding portions excepted by S.D. Fla. L. R. 7.1(c).

                              Respectfully submitted by,

                              */s/ Matthew Lee Baldwin, Esq*
                              Fla. Bar No.: 27463
                              Email:  Matthew@VargasGonzalez.com
                              **Vargas Gonzalez Baldwin Delombard, LLP**
                              815 Ponce de Leon Blvd., Third Floor
                              Coral Gables, Florida 33134

## CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1, the Motion for a Preliminary Injunction does not require a pre-filing conferral. Accordingly, Plaintiff requests leave from this Honorable Court to file said motion in excess of the local rule page limit. Defendants will be served with the Motion for Preliminary Injunction immediately after it is filed.

                            By:    */s/ Matthew Lee Baldwin, Esq*
                                          Fla. Bar No.: 27463

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Exceed Page Limitations was served by CM/ECF filing system on August 16, 2021, on all counsel or parties of record on the service list.

                            By:    */s/ Matthew Lee Baldwin, Esq*
                                          Fla. Bar No.: 27463

## SERVICE LIST

| | |
|---|---|
| JOHN P. COALE<br>2901 Fessenden St. NW<br>Washington, D.C. 20008<br>johnpcoale@aol.com<br>Telephone: (202) 255-2096 | MICHAEL J. JONES<br>mjones@ibolaw.com<br><br>ROLAND A. PAUL<br>rpaul@ibolaw.com |
| THE DUDENHEFER LAW FIRM L.L.C<br>FRANK C. DUDENHEFER, JR.<br>fcdlaw@aol.com<br>2721 St. Charles Ave, Suite 2A<br>New Orleans, LA 70130<br>Telephone: (504) 616-5226 | RYAN S. TOUGIAS<br>rtougias@ibolaw.com<br><br>SEAN M. HAMILL<br>*(Pro Hac Vice Forthcoming)*<br>shamill@ibolaw.com |
| IVEY, BARNUM & O'MARA<br>JOHN Q. KELLY<br>jqkelly@ibolaw.com | 170 Mason Street<br>Greenwich, CT  06830<br>Telephone: (203) 661-6000<br>Facsimile: (203) 661-9462 |