UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP et al.,           Case No. 1:21-cv-22445-KMM-LFL

    Plaintiffs,

vs.

YOUTUBE, LLC and SUNDAR PICHAI,

    Defendants.

_____/

**DEFENDANTS' MOTION TO DEFER BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION MOTION AND TO EXTEND DEADLINE FOR CONFERENCE UNDER L.R. 16.1(b) AND F.R.C.P. 26(f) AND SUPPORTING MEMORANDUM OF LAW**

This Court has indicated that it plans to "set a briefing schedule for Plaintiffs' Motion for Preliminary Injunction . . . upon a showing that Defendants are on notice as to the Motion . . . or, upon Defendants['] appearance in the above-captioned case." Paperless Notice (Dkt. 44). The Court also ordered the parties to hold a scheduling conference under Local Rule 16.1 within 60 days of the filing of the Complaint. Paperless Pretrial Order (Dkt. 4).

While Defendants YouTube, LLC and Sundar Pichai (collectively, "YouTube") have now entered an appearance, YouTube respectfully requests that the Court defer setting a briefing schedule on Plaintiffs' motion for a preliminary injunction and extend the deadline for the conference required by Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b) until: (1) this Court decides whether this case should be related to the similar, lower-numbered cases filed in this District (*see* Notice of Pending, Refiled, Related, or Similar Actions (Dkt. 53)); (2) the United States has an opportunity to weigh in on whether it intends to intervene in this action; and (3) a ruling is made on YouTube's forthcoming motion under 28 U.S.C. § 1404(a) to transfer this case

to the Northern District of California based on the forum selection clause in the parties' governing agreement. (As set forth in undersigned counsel's Local Rule 7.1 certification, undersigned counsel has conferred with counsel for Plaintiffs and is authorized to state that Plaintiffs have no objection to extending the deadline for the conference required by Local Rule 16.1 and F.R.C.P. 26(f) for an additional 30 days, but they otherwise do not agree to the relief YouTube seeks in this motion.) In the alternative, YouTube respectfully requests that the Court hold a status conference during which the parties can state their respective positions on a briefing schedule and the timing for the initial case management conference.

## BACKGROUND

On July 7, 2021, Former President Donald J. Trump ("Former President Trump") and other plaintiffs filed this putative class action against YouTube and the CEO of its parent company asserting claims based on actions YouTube allegedly took to moderate Plaintiffs' content on the platform. Compl. (Dkt. 1). Represented by the same counsel, Former President Trump has also filed substantially similar complaints against Facebook and Twitter. *Trump v. Facebook*, No. 1:21-cv-22440 ("*Trump v. Facebook*") (pending before Judge Williams), Compl. (Dkt. 1); *Trump et al. v. Twitter, Inc. et al.*, No. 1:21-cv-22441 ("*Trump v. Twitter*") (pending before Judge Scola), Compl. (Dkt. 1).

Despite filing these mirror-image actions against Facebook, Twitter, and YouTube on the same day, Plaintiffs did not file any notice of related cases in any of the three cases. On August 23, 2021, without having served the Complaint, Former President Trump filed a Motion for Preliminary Injunction seeking an order compelling YouTube to restore his channel and videos to the platform and to declare Section 230(c) of the Communications Decency Act unconstitutional. Mot. (Dkt. 43) at 29-30.

On August 31, 2021, YouTube accepted a service waiver, appeared in this case, and filed a notice of related cases under Local Rule 3.8 identifying the substantially similar actions against Facebook and Twitter (Dkt. 53). In short order, YouTube intends to move under 28 U.S.C. § 1404(a) to transfer the case to the Northern District of California, the parties' agreed-upon federal forum. In creating their YouTube accounts, Plaintiffs agreed to YouTube's Terms of Service, including a forum-selection clause designating the "federal or state courts of Santa Clara County, California," as the exclusive forum for all "claims arising out of or relating to these terms or the Service." https://www.youtube.com/t/terms; *accord Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 52 (2013) ("When a defendant files . . . a motion" to transfer based on a forum-selection clause "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.").

## MEMORANDUM OF LAW

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (*quoting Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). More specifically, "district courts [are afforded] broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001).

In the interest of order and efficiency, YouTube respectfully requests that this Court defer setting a briefing schedule for Plaintiffs' motion for a preliminary injunction (and delay the deadline for the parties to hold a conference under Local Rule 16.1(b) and F.R.C.P. 26(f)) until it is determined what judge and what court will ultimately preside over this case. This approach will allow the Court that ultimately handles this case (whether in this District or the Northern District

of California) to determine the appropriate schedule for both consideration of the merits (including Plaintiffs' preliminary injunction motion) and for the case more broadly, including initial disclosures, discovery, and trial. Moreover, if the case is transferred to the Northern District of California, this approach will allow that Court to apply its local rules to the initial case management conference and avoid potential duplication of work under two different procedural rules.

Moreover, holding off on setting a briefing schedule for the preliminary injunction motion will give the Department of Justice an opportunity to offer its views on that schedule. On July 12, 2021, the Court certified to the Attorney General the federal constitutional questions raised by Plaintiffs in this case, and gave the Attorney General 60 days to notify the Court whether the Government intended to intervene. Order Certifying Constitutional Question (Dkt. 11). The Court thereafter ordered a stay of the Government's deadline to intervene in this case until "Plaintiffs have filed a motion raising the constitutional issues that were certified to the U.S. Attorney General." Paperless Order (Dkt. 41). Former President Trump has now done so by filing a preliminary injunction motion seeking a "declar[ation] that Section 230(c) of the Communications Decency Act of 1996 is unconstitutional[.]" Mot. (Dkt. 43) at 30. Accordingly, the stay of the Government's intervention deadline will presumably soon be lifted, and the Government will need to decide whether to intervene in this action and address that aspect of Plaintiffs' motion. Given the importance of the constitutional issues raised by this case, the Court will presumably want to consider the Government's views on the constitutional challenge presented by Plaintiffs' preliminary injunction motion at the same time it considers the parties' views. Consequently, the Government should be able to offer its views on an appropriate briefing schedule for the preliminary injunction motion before the Court sets the relevant deadlines.

A short delay in setting a briefing schedule will not prejudice Plaintiffs, who have not treated the preliminary injunction motion as an urgent matter. To the contrary, Former President Trump's extended delay in bringing his preliminary injunction motion indicates that it is not time-sensitive. His motion seeks an order reinstating his ability to upload new videos to his YouTube channel, which was suspended in January 2021. Former President Trump waited for six months (until July 7, 2021) to even file this action, and he then waited another month and a half (until August 23, 2021) to move for a preliminary injunction. Plaintiffs filed that motion before even serving their Complaint on YouTube, and Plaintiffs did not attempt service or offer YouTube a service waiver until almost two months after Plaintiffs filed their Complaint. Moreover, although Plaintiffs received leave to file an overlength preliminary injunction motion in the *Facebook* action on August 13, 2021, they still have not filed such a motion and have not indicated when they plan to do so. Nor have they done so in the *Twitter* action. Clearly, then, the preliminary injunction motion does not require expedited treatment, and Plaintiffs' interests will not be impaired by the limited relief that YouTube seeks.

## CONCLUSION

For these reasons, YouTube respectfully requests that the Court defer its setting of a briefing schedule for Plaintiffs' preliminary injunction motion and the deadline for the parties to hold a conference until it is determined whether this case will be related to the other cases Former President Trump has filed in this District, whether the United States will intervene, and whether this case will be transferred to the Northern District of California. In the alternative, YouTube respectfully requests a status conference during which the parties can state their respective positions on a briefing schedule and the timing for a conference.

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

In accordance with Local Rule 7.1(a)(3), undersigned counsel has conferred with Plaintiffs' counsel regarding this motion. Plaintiffs do not agree to the relief sought herein, except that they have consented to extending the deadline for the conference required under Local Rule 16.1 and F.R.C.P. 26(f) by 30 days.

DATED: September 1, 2021

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone:  (305) 789-3229
Facsimile:   (305) 789-3395

By:    */s/ Jay B. Shapiro*
       Jay B. Shapiro
       Florida Bar No. 776361
       jshapiro@stearnsweaver.com
       Abigail G. Corbett
       Florida Bar No. 31332
       acorbett@stearnsweaver.com
       Douglas L. Kilby
       Florida Bar No. 0073407
       dkilby@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801

Brian M. Willen. (*pro hac vice* pending)
bwillen@wsgr.com
Benjamin Margo (*pro hac vice* pending)
bmargo@wsgr.com

        WILSON SONSINI GOODRICH & ROSATI, P.C.
        1700 K. Street NW, Fifth Floor
        Washington, DC  20006
        Telephone:  (202) 973-8800

            Steffen N. Johnson. (*pro hac vice* pending)
            sjohnson@wsgr.com
            Meng Jia Yang. (*pro hac vice* pending)
            mjyang@wsgr.com

        WILSON SONSINI GOODRICH & ROSATI, P.C.
        One Market Plaza
        Spear Tower, Suite 3300
        San Francisco, CA 94105
        Telephone:  (415) 947-2000

            Amit Gressel (*pro hac vice* pending)
            agressel@wsgr.com

        *Attorneys for Defendants YOUTUBE LLC*
        *and SUNDAR PICHAI*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 1st day of September, 2021, I electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

            By: */s/ Jay B. Shapiro*
                Jay B. Shapiro